SAMUEL, Judge.
This is a suit seeking workmen’s compensation benefits for permanent and total disability. The defendants are plaintiff’s employer at the time the injuries were sustained and said employer’s compensation insurer. Plaintiff has appealed from a judgment dismissing his suit.
Plaintiff was doing heavy laboring work, in pile driving and construction, when, on October 12, 1957, a heavy pile fell on his left leg fracturing the lower third of the shaft of two bones, the fibula and tibia. The joints were not involved, there being no injury to the ankle or to the knee. He was taken to a hospital where he was given an anesthetic, the fracture was ma *697 nipulated into proper position and a cast was applied. On December 1, 1958, approximately fourteen months after the occurrence of the accident, plaintiff having received the customary and usual medical treatment, the treating physician discharged plaintiff as being able to return to work, with the suggestion that plaintiff should first return to less strenuous work in order to condition and restore normal strength to the injured leg.
Plaintiff returned to work with the defendant employer for a short time but, according to plaintiff, found that he was unable to do the type of work involved. He later worked at several small jobs for other employers, and in March of 1959 obtained full employment with the A. & G. Transportation Company by whom he was still employed at the time of the trial which took place on January 11, 1960. He was finally discharged as being fully recovered and able to return to his regular work on May 19, 1959. Defendants paid plaintiff either full compensation or his regular wages from the date of the occurrence of the accident until his final medical discharge on May 19, 1959, and defendants also paid all medical expenses incurred in connection with the treatment of his injuries.
Our law is well settled to the effect that when an injured employee cannot perform his customary and usual ditties without suffering substantial pain and discomfort he is considered totally and permanently disabled within the meaning of the Louisiana Workmen’s Compensation Act (LSA-R.S. 23:1031-23:1351). Costanzo v. Southern Farm Bureau Casualty Ins. Co., La.App., 124 So.2d 621; Daniel v. Transport Ins. Co., La.App., 119 So.2d 107; Bonin v. Sam Carline, Inc., La.App., 117 So.2d 312. This rule is applicable despite such an employee’s ability to earn a living doing lighter or less laborious work. Livaccari v. Fidelity & Casualty Co. of New York, La.App., 118 So. 2d 275; Michel v. Maryland Casualty Company, La.App., 81 So.2d 36; Wright v. National Surety Corp., 221 La. 486, 59 So.2d 695.
In the instant case plaintiff contends that he is unable to do the work in which he was engaged at the time of the accident without suffering substantial pain and discomfort. Thus the only question for our consideration is whether or not the performance of such work did result in pain or discomfort sufficiently substantial so as to warrant a holding that he is totally and permanently disabled within the meaning of the act.
Only five witnesses testified during the course of the trial. Two, the plaintiff and a medical expert, were called on behalf of plaintiff, and three, two medical experts and plaintiff’s employer at the time of trial, were called by defendants.
Plaintiff testified that the leg pained him from the knee down through the ankle, particularly when he used it in walking. His work with the defendant employer required a great deal of walking and a considerable amount of agility. Consequently he was unable to do that work although he would prefer the' same because his present employment does not pay as well.
Mr. Perret, plaintiff’s employer at the time of. the trial, called on behalf of defendants, testified that plaintiff had worked for him continuously for approximately eleven months. His work consisted of driving a six ton tractor and trailer hauling merchandise of one kind or another from New Orleans to various other cities of the state and included helping to load and unload such merchandise, maintenance and up-keep of the unit and other work around the employer’s place of business. Included were manual handling of beer cases weighing up to 49 pounds, helping to handle 132 pound sacks of coffee and heavy reels of cable, and handling and changing 200 pound tires. Although Perret had seen plaintiff almost every day while the latter was working for him and had ac *698 tually worked with plaintiff on some of the heavier jobs, he had never seen plaintiff limp or show any sign of pain or discomfort. He did not know that plaintiff had suffered the injury here involved until the matter had been discussed with him in connection with the possibility that he might be used as a witness.
The medical testimony was given by Dr. Brown and Dr. Alldredge, defendant witnesses, and Dr. Wickstrom, a plaintiff witness. Each of these men is an orthopedic surgeon. Dr. Brown, the treating physician, last examined plaintiff on November 17, 1959; Dr. Alldredge made two examinations, one on April 20, 1959, and the other on November 18, 1959; and Dr. Wickstrom made one examination on June 8, 1959. Their testimony, to our amazement, is in substantial agreement. Plaintiff suffered from a simple or closed fracture from which he had completely recovered except for minimal findings of some soreness and swelling, atrophy and soft tissue induration, all of which would be eliminated by work therapy. They were of the opinion that upon a resumption of his former work plaintiff would suffer some minimal pain, probably more properly described as discomfort, especially with fatigue, but that this was a necessary stage through which he must go before obtaining full and normal use of the leg, a result which could be obtained either by proper exercises or by the actual work itself. All of the physicians were of the opinion that plaintiff could return to his former occupation.
We are of the opinion that as of May 19, 1959, plaintiff’s injuries were completely healed. At that time the performance of the type of work in which he was engaged when the accident occurred would only result in the discomfort or minimal pain normally to be expected from such injuries and would not cause pain sufficiently substantial as to warrant a recovery for total and permanent disability. We are of the further opinion that two cases, Lawes v. Houston Fire & Casualty Insurance Co., La.App., 127 So.2d 84, and Fouchea v. Maloney Trucking & Storage, La.App., 108 So.2d 273, both of which hold under similar circumstances that the employee is not totally and permanently disabled, are directly in point.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.