BOLIN, Judge.
Plaintiff appeals from judgment rejecting his demands against defendants for an .award for total and permanent disability under the Louisiana Workmen’s Compensation Act.
The circumstances surrounding plaintiff’s employment are for the most part undisputed. He was employed by Southern Fabricators Corporation from the early ■part of 1956 to September 15, 1960. His duties consisted principally of spray-painting metal items fabricated by his employer. In April of 1959, Anderson began having trouble with his eyes, which condition continued to get worse culminating in the voluntary termination of his employment in September of 1960. At that time his vision had become so bad that he could hardly see. The admitted cause of plaintiff’s impairment of vision is the advanced development •of cataracts in both eyes. He contends the •cataracts resulted from accidental injuries caused by paint thinner splashing in his eyes during the course and scope of his employment, or alternatively, that such condition resulted from an occupational disease caused by daily contact with paint.
There is no doubt plaintiff’s visual difficulty manifested itself and progressed during his employment with Southern Fabricators Corporation. The crucial question, however, is whether or not the employee has shown by a preponderance of evidence any causal connection between his disability and his employment.. This in turn depends largely upon the interpretation of the medical testimony.
The record contains the testimony of the following medical experts of Shreveport:
1. Dr. E. W. Booth Eye Specialist
2. Dr. Peter Skov Eye Specialist
3. Dr. J. W. Eschenbrenner Eye Specialist
4. Dr. L. A. Breffeilh Eye Specialist
5. Dr. J. P. Robinson Eye Specialist
6. Dr. H. Cassity General Practitioner
None of the specialists was able to testify with any degree of certainty plaintiff’s employment had anything to do with the cataracts. Plaintiff’s witness, Dr. Cassity, admitted a specialist would be in a much better position than a general practitioner to diagnose Anderson’s condition. The only specialist testifying in behalf of plaintiff was Dr. J. W. Eschenbrenner, and he frankly confessed his inability to determine the cause of the cataracts.
Dr. Booth, the first specialist to see and examine plaintiff, treated him on two occasions and made extensive tests in an effort to determine the exact cause of the cataracts. It was his opinion plaintiff’s condition was due to “something from within the body” and was in no way related to his employment.
Dr. Breffeilh, with his associate Dr. Robinson, examined plaintiff on one occasion. Their diagnoses substantially agreed with that of Dr. Booth in that both definitely concluded plaintiff’s eye condition had no connection with his employment, but was rather a localized manifestation of systemic pathology.
Plaintiff was a patient at Confederate Memorial Medical Center for several months beginning in July of 1960, and while there was under the treatment of Dr. Peter R. Skov. This doctor also testified there was no causal connection between plaintiff’s visual difficulties and his employment.
Our review of the medical testimony convinces us plaintiff has failed to show any *440 causal connection between his disability and his employment.
No citation of authority is necessary for the well-accepted principle of law that the burden is upon the plaintiff, even in a workmen’s compensation case, to establish his claim with legal certainty, and speculation, conjecture, possibility or unsupported probability are not sufficient.
From our review of the record we think the low«r court was correct in concluding that plaintiff has failed to show by a preponderance of evidence his disability had any causal connection with his employment.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s ■cost.
Affirmed.