AYRES, Judge.
By this action plaintiff seeks to recover of his former employer, the City of Shreveport, workmen’s compensation for alleged total and permanent disability, as well as penalties and attorney’s fees. Plaintiff’s demands were rejected and he appealed.
The issues are entirely factual. Plaintiff’s employment is conceded and the occurrence of an accident within the scope of that employment and in which he was involved is not controverted. The question presented for resolution relates to the nature and extent of the injuries sustained by plaintiff and the duration of his incapacity for or inability to work as a result thereof.
Plaintiff was employed as a common laborer with the Department of Public Works of the City of Shreveport in connection with its street-cleaning operations. On the occasion of his sustaining of accidental injuries, plaintiff, with other employees, was engaged in loading a tree trunk onto a truck. Plaintiff testified that one of the workmen slipped and released his grasp on the log, and thereby suddenly shifted the weight to him. This action, plaintiff contends, produced the injuries resulting in his alleged disability.
The accident occurred May 28, 1963. Plaintiff continued to work the remainder of the day without informing or making any complaint to either his fellow employees or his foreman. Complaint was, however, made to the foreman on the following day.
Plaintiff was then sent to Dr. Charles H. Nash, the city physician, for examination and treatment. Examination disclosed some spasm of the right lumbosacral muscle, with tenderness in the area of the fifth lumbar vertebra. The diagnosis was that plaintiff had sustained a muscle strain. Plaintiff was advised to continue his employment, doing lighter work. Lighter work not being available, plaintiff was instructed not to return to work until he was able to fully discharge his duties.
Plaintiff was seen by the doctor at his office on at least seven occasions, the last June 18, 1963. On that day, as well as on a prior occasion, plaintiff had been advised that he was able to return to work. However, on reporting for work on the latter date and on making further complaints of pain, plaintiff was again sent to Dr. Nash. Under examinations made on that occasion, the doctor verified his prior opinion that plaintiff had completely recovered from any disability suffered by reason of the accident. Plaintiff was, however, discovered to have a prostate condition which, testified the doctor, could in nowise have resulted from the accident, but which could, and possibly did, *629 result in the continued pain in his lower hack. Plaintiff was given a prescription for treatment and advised to see his own physician in about a week for further treatment.
Plaintiff’s employment with the City continued for approximately two months when, after warnings as to his irregularity in reporting for work, he was discharged from his employment.
Nevertheless, under continuing complaints of pain, plaintiff reported to Dr. D. F. Overdyke, Jr., an orthopedist, September .5, 1963. The complaints were consistent with a back strain, so the doctor testified. Plaintiff was hospitalized and placed in traction for a week. The complaints were purely subjective in nature. Plaintiff made no report to Dr. Overdyke of his prostate con■dition. This, the doctor testified, was consistent with the complaints made by plaintiff. Nevertheless, the doctor was of the •opinion that plaintiff could have returned to the performance of “vigorous manual labor” in December, 1963, or at least by January 2, 1964.
Plaintiff contends, however, that, because of the conflict in the expert medical testimony, the testimony of lay witnesses should be considered in a determination of his inability to perform manual labor. From our review of the medical testimony, -as indicated above, wc do not find such a •conflict as warrants the application of the rule urged by counsel. Nor does our appreciation of the lay testimony entitle it to the weight and controlling influence as suggested.
Complete recovery from a strain •such as experienced by plaintiff was said to ■ordinarily require a period of one to three weeks. The evidence supports the conclusion reached by the trial court that what■ever pain and discomfort, if any, of which plaintiff now complains results not from any accidental injuries sustained by plaintiff but from prostatitis which, from a causal standpoint, is entirely foreign to and disconnected from the accidental injuries sustained by plaintiff.
 The conclusion is therefore inescapable that plaintiff has not sustained the burden of proof and established his claim by a preponderance of evidence to that degree of legal certainty required by law. Speculation, conjecture, mere possibility, and even unsupported probability are not sufficient to support a judgment for workmen’s compensation. Roberts v. M. S. Carroll Co., La.App., 2d Cir.1953, 68 So.2d 689.
The record establishes that plaintiff was paid compensation for the period of his disability resulting from accidental injuries sustained by him. Moreover, he was paid his wages for approximately two months during which he continued his employment following the accident. From our review of the record, we find no basis upon which we could disagree with the conclusion reached by the trial court. To the contrary, the judgment appears eminently correct.
The judgment appealed is therefore affirmed at plaintiff-appellant’s cost.
Affirmed.