170 So.2d 765 (1964)
Edna HEBERT
v.
YOUR FOOD PROCESSING & WAREHOUSE CO.
No. 6274.
Court of Appeal of Louisiana, First Circuit.
December 21, 1964.
Rehearing Denied February 3, 1965.
Writ Granted March 12, 1965.
*766 Christovich & Kearney, by Alvin R. Christovich, New Orleans, for appellant.
Dodd, Hirsch, Barker & Meunier, by Wilfred H. Boudreaux, New Orleans, for appellee.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.[*]
LANDRY, Judge.
This is an appeal by defendant-employer from a judgment of the trial court awarding plaintiff-employee workmen's compensation benefits, for total permanent disability, at the rate of $33.15 for a period of 400 weeks, subject to credit for compensation previously paid, and certain medical expense incurred in the treatment of appellee's injuries.
Plaintiff was employed as an onion grader in appellant's plant, in which capacity her principal duties required that she stand beside a waist high conveyor belt and grade sliced onions by discarding from the mechanism unacceptable, inferior onion rings and spreading the remaining slices in order to facilitate further inspection and grading by other employees similarly engaged in what amounted to an assembly line operation. In addition to said duties plaintiff also weighed onion rings processed by being fried in batter and bagged the finished product in twelve ounce containers.
It is conceded that on October 3, 1961, while at work on defendant's premises, plaintiff fell backward striking her head on the concrete floor as a result of which she sustained a brain concussion and cervical sprain. It is likewise admitted plaintiff's head injury improved with no residual pathology. The sole basis for plaintiff's complaint is that the cervical sprain has left her permanently and totally disabled to do work of a reasonable character inasmuch as she is unable to perform the duties of her aforesaid occupation without appreciable and substantial pain.
*767 The preponderance of medical evidence herein establishes that appellee, 53 years of age, was suffering from a pre-existing arthritic condition which was aggravated by the cervical sprain. It likewise appears that the neck injury and the symptoms which followed, were the result of the accident above described. The sole issue presented by this appeal is whether, as contended by appellee, she is disabled by virtue of her inability to resume her former employment without experiencing significant pain.
Immediately following her accident, plaintiff was hospitalized for a period of eight days in Ponchatoula under the care of Dr. Glenn Scott, a general practitioner, admittedly the "company doctor" for defendant-employer. Dr. Scott treated her principally for her brain concussion which to him was of primary concern. Following her discharge from the hospital, appellee remained under the care of Dr. Scott for treatment of her neck sprain for which Dr. Scott prescribed muscle relaxants, analgesics and ultrasonic therapy. When plaintiff continued to complain of cervical pain despite the aforesaid therapy, Dr. Scott referred her to Dr. Rufus H. Alldredge, Orthopedist, New Orleans, Louisiana. Appellee was examined by Dr. Alldredge December 8, 1961, and hospitalized as his patient in New Orleans from December 9, 1961 to December 22, 1961, during which time Dr. Alldredge attempted to alleviate the sprain by traction. Upon discharge from the hospital in December, Mrs. Hebert remained under the joint care of Drs. Scott and Alldredge receiving substantially the same treatment for her sprain, namely, muscle relaxants, analgesics and halter traction at home. In the course of such treatment she visited Dr. Scott frequently.
During the interval December, 1961 and April, 1962, appellee was seen by Dr. Alldredge on numerous occasions. Plaintiff was last seen by Dr. Alldredge April 4, 1962, on which date he discharged her from further treatment with the recommendation she return to work notwithstanding her complaints of headaches and continued neck pains which Dr. Alldredge felt were not serious and would disappear in time. On this occasion appellee expressed a reluctance to resume her former position for fear it would invalidate her claim "against the insurance company."
Following appellee's discharge by Dr. Alldredge on April 4, 1962, Dr. Scott discharged her April 10, 1962, as he was also of the opinion plaintiff had no residual disability as of that date. Upon discharging plaintiff, Dr. Scott did so with suggestion she resume her former employment. At this time appellee informed Dr. Scott she would not go back to work at defendant's establishment unless absolutely required to do so by hunger because she considered the premises unsafe and feared she would again slip or fall.
When her complaints of pain persisted notwithstanding her discharge by Drs. Scott and Alldredge, appellee was examined on April 17, 1962, by Dr. Edward T. Haslam, Orthopedist, who continued to see her monthly through May 7, 1963. Dr. Haslam noted symptoms characteristic of cervical sprain such as limitation of motion on extension and, to some extent, on flexion of the neck. He further observed limitation of ability to rotate the neck, spasm of the trapezius muscle and minimal fibronsitic areas in the neck muscles common with persons afflicted with sore or stiff necks. At this time appellee complained of headaches, nausea and pain radiating into the left arm. According to Dr. Haslam plaintiff's complaints and symptoms alternated between visits so that on some occasions she exhibited a diminution thereof while on the next she complained of greater pain, discomfort and disability. Dr. Haslam found no evidence of cervical disc injury but because of plaintiff's persistent complaint of headaches he referred her to Dr. Raeburn C. Llewellyn, neurosurgeon. In September, 1962, Dr. Haslam found plaintiff "improved considerably" and on November 20, 1962, observed plaintiff's neck was capable of much better motion inasmuch as she then exhibited only minimal *768 limitation of left rotation associated with some muscle tightness, but no muscle spasm. He was not certain whether these persistent symptoms were due to the neck sprain, aggravation of the pre-existing arthritis or disc injury. On the occasion of plaintiff's last visit, Dr. Haslam recommended that plaintiff attempt work despite the fact he considered she had some sprain from which she had not fully recovered. In essence Dr. Haslam stated he did not think the stiffness and headaches of which plaintiff then complained would make it impossible for her to work but conceded working would probably make her pain more intense. He further testified, however, that some patients do better when occupied but in each instance it was an individual and personal subjective matter depending upon how much pain the particular individual can tolerate in reference to his or her work. He conceded that working involving forward bending of the head and repeated motions of the hands (as appellee's work required) would aggravate the pain experienced by a person suffering from a neck sprain. It was his further opinion that while plaintiff's return to work could not possibly jeopardize her health, it might prove beneficial to her from a medical standpoint.
On June 4, 1963, plaintiff was examined by Dr. Raeburn C. Llewellyn, neuro-surgeon, at the request of Dr. Haslam. After a complete neurological examination he felt plaintiff's complaints more properly fell within the realm of orthopedics. He conceded no diagnosis of fracture or cervical disc disease could be made from his examination and concluded plaintiff was suffering from "chronic muscle and ligamentous sprain" but made no recommendation for plaintiff's further treatment. While expressing the opinion plaintiff's work might possibly increase her pain, he also stated her response thereto would be the determining factor. In addition Dr. Llewellyn believed plaintiff's complaints were to some extent aggravated by tension and anxiety resulting from the pendency of her claim for compensation and settlement thereof would reduce her symptoms insofar as they resulted from this source.
Appellee was seen by Dr. Richard Paddison, neurologist, on one occasion, namely, July 11, 1962. After conducting a complete neurological and mental status examination of plaintiff, Dr. Paddison found only limitation of neck motion. This observation, coupled with the case history narrated by plaintiff led Dr. Paddison to believe plaintiff was suffering from a pre-existing arthritic condition aggravated by the head trauma sustained October 3, 1961. His evaluation of plaintiff's condition was that appellee should be able to perform her previous work as a semi-skilled laborer. While he felt plaintiff might experience some pain upon working he could not say how much and declined to say it would be to a degree which would be disabling. Dr. Paddison also stated the degree of pain experienced in such instances is directly related to each particular individual's motivation to work and pain threshhold. He further observed that he has known numerous patients with as much difficulty as plaintiff but who continued to work.
Appellee and her husband testified, in substance, that appellee has suffered from headaches and neck pains since the accident whereas she exhibited no such symptoms prior thereto. They both further stated the degree of pain renders plaintiff incapable of performing certain arduous household chores which she formerly did such as mopping floors, hanging bed sheets out to dry and other such domestic tasks which required strenuous or extended stretching or reaching. A stipulation appearing of record recites that if Mr. Castle Jones and Mrs. Ruth Ferrante, brother and sister, respectively, of plaintiff, were called to testify on appellee's behalf their depositions would be the same as that of plaintiff's husband.
In awarding judgment to plaintiff for compensation benefits our esteemed colleague below relied upon the well recognized rule that the law does not expect or require an injured employee must work in pain to *769 earn a living and with this precept we are thoroughly in accord and have ourselves so held on numerous occasions. However, the rule is more properly stated as being to the effect that an employee who cannot perform the ordinary, usual and normal duties of his occupation, trade or calling without experiencing "substantial" or "appreciable" pain is considered disabled within the meaning and intendment of the term "disabled" as it appears in our Workmen's Compensation Law, Fouchea v. Maloney Trucking & Storage, Inc., La.App., 108 So.2d 273; Harris v. A. A. A. Foundation, Inc., La.App., 140 So. 2d 696.
Moreover, whether injuries received by an employee render him disabled within the purview of the rule which declares disability when the employee can work only in pain is a question of fact to be determined in the light of each individual case. In such instances it must appear from the facts that the pain which may be reasonably anticipated by the employee upon resumption of his duties must be sufficiently "severe" or "great" to support an award of compensation. Wilson v. Fogarty Brothers Transfer Company, La.App., 126 So.2d 6.
Our consideration of the record discloses that the learned trial court relied primarily upon the testimony of plaintiff and her husband and the personal observation that plaintiff, while testifying, turned from the waist rather than turn her head to face the court in replying to certain questions propounded by the court. In this connection it is significant to note that one of the medical witnesses, Dr. Llewellyn, testified he believed plaintiff's limitation of neck motion was voluntary and hysterical.
It is settled law that the plaintiff in a compensation case, as in other civil causes, bears the burden of proving his claim to a legal certainty by a reasonable preponderance of credible evidence. Speculation, mere possibility, conjecture and even unsupported probability are not sufficient to support a judgment for workmen's compensation benefits. Roberts v. M. S. Carroll Co., La.App., 68 So.2d 689; Blanchard v. Employers' Liability Assurance Corp., La.App., 95 So.2d 194; Anderson v. Peek, La.App., 102 So.2d 776.
We believe our esteemed brother below fell into error in relying primarily upon the lay testimony adduced herein contrary to the established rule that lay testimony is not to be considered where there is no serious dispute among the medical experts. That such rule obtains in cases of this character is no longer open to argument. Butler v. American Ins. Co., La. App., 138 So.2d 862; Williams v. Hall, La. App., 150 So.2d 349.
In the instant case the medical testimony is almost unanimous. Appellee's treating physicians both recommended her return to work as a therapeutic measure as well as a test of the degree of pain she might experience in the performance of her duties. The sole source of comfort to appellee found in the medical testimony is the acknowledgment of the possibility she might suffer pain and aggravation of her condition on resuming her employment. However, because of her refusal to renew her position with defendant the answer to the question whether she could work only in substantial, appreciable, severe or great pain is left to conjecture in this instance. Perhaps had appellee been willing to follow her physician's advice by increasing her activities at home an answer to this all important issue may have been provided. Under the circumstances, however, the matter remains speculative.
Our appreciation of Mrs. Hebert's testimony impels the conclusion her refusal to recommence her employment undoubtedly stems from her fear of further injury induced by what she obviously considers to be distasteful, unsafe and dangerous working conditions.
*770 Plaintiff having failed to discharge the burden of proof incumbent upon her, the judgment of the trial court must be reversed excepting only insofar as it awards medical expenses.
For the reasons hereinabove set forth, it is ordered, adjudged and decreed the judgment of the trial court awarding plaintiff workmen's compensation benefits is annulled, reversed and set aside and judgment rendered herein in favor of appellant, Your Food Processing and Warehouse Co. and against plaintiff, Edna Hebert, dismissing and rejecting said plaintiff's demands for workmen's compensation benefits.
It is further ordered, adjudged and decreed that except as herein reversed, annulled and set aside, the judgment of the trial court is affirmed at appellant's cost.
Amended and affirmed.
NOTES
[*] Due to the death of HERGET, J., prior to rendition, but after his concurrence therein, this opinion is rendered unanimously by ELLIS, LOTTINGER, LANDRY and REID, JJ.