177 So.2d 286

**Edna HEBERT**

v.

**YOUR FOOD PROCESSING & WAREHOUSE, INC.**

No. 47662.

July 2, 1965.

Wilfred H. Boudreaux of Dodd, Hirsch, Barker & Meunier, New Orleans, for plaintiff-relator.

A. R. Christovich, Jr., Christovich & Kearney, New Orleans, for defendant-respondent.

HAWTHORNE, Justice.

A writ of review was granted, 247 La. 491, 172 So.2d 295, on application of plaintiff, and the case is now before this court for consideration of a judgment of the Court of Appeal which reversed a judgment of the trial court awarding plaintiff workmen's compensation benefits for total and permanent disability, subject to credit for compensation previously paid. See 170 So. 2d 765.

Plaintiff, who was employed as an onion grader in the defendant's plant, was required to stand beside a conveyor belt and grade and sack onions into 12-ounce containers. While so employed she fell, and for the resultant injuries she was paid compensation until April 17, 1962, a period of more than six months. When these payments were discontinued, she instituted this suit.

Her claim for compensation for total and permanent disability is based on her contention that as a result of the fall she suffered a cervical sprain, which is shown to be a stretching or partial tearing of ligaments of the neck, and that because of this sprain she is unable to perform the work she was doing before her injury without appreciable and substantial pain.

▬▬ We are in full accord with the well settled principles of law which the Court of Appeal set forth as applicable to this case, that is: That an employee is considered disabled within the meaning of the compensation act when he cannot perform the ordinary, usual, and normal duties of his occupation, trade, or calling without experiencing substantial pain, and that "whether injuries received by an employee render him disabled within the purview of the rule which declares disability when the employee can work only in pain is a question of fact to be determined in the light of each individual case"; that in a compensation case the plaintiff has the burden of proving his claim with legal certainty by a preponderance of the evidence, and that "Speculation, mere possibility, conjecture and even unsupported probability are not sufficient to support a judgment for workmen's compensation benefits".

Relator contends first that the Court of Appeal erred as a matter of law "in holding that relator's failure or refusal to increase her activities left to conjecture the question of whether or not a return to her previous employment would be accompanied by substantial pain and she had, therefore, failed to sustain the burden of proof required by law".

Relator has misconstrued the holding of the Court of Appeal. That court recognized the principles of law applicable to this case, all as set out above, and in the course of the opinion stated: "* * * The sole issue presented by this appeal is whether, as contended by appellee, she is disabled by virtue of her inability to resume her former em-

ployment without experiencing significant pain." The court then concluded that plaintiff had failed to establish with legal certainty and by a reasonable preponderance of credible evidence that she could not perform the work she was doing before her injury without experiencing substantial or appreciable pain.

Relator next complains of the reversal by the Court of Appeal of the judgment of the trial court, contending that there was ample evidence in the record to support the judgment of the lower court and that there was no showing that the trial judge committed manifest error.

The Court of Appeal was of the view that plaintiff did not adduce sufficient evidence in the trial court to discharge the burden of proof imposed upon her by law, and we are in full accord with this view. The evidence being insufficient, the lower court erred in awarding the plaintiff workmen's compensation for total and permanent disability.

The case presents only a question of fact, and the facts found by the Court of Appeal are fully established by the record. That court discussed and correctly summarized the testimony both of the medical experts and of the lay witnesses, and no discussion of this testimony here is required. That court pointed out that the medical testimony was "almost unanimous", and that the medical experts suggested or recommended that plaintiff return to her former employment, and testified that she was able to perform her previous work. She contends that she suffers from headaches and pains in the neck, but her testimony when considered with that of the medical experts falls far short of discharging the burden of proof imposed upon her by law—that is, of establishing that she would be required to work in substantial or appreciable pain. The Court of Appeal in its opinion correctly pointed out that plaintiff had expressed reluctance to return to her employment for fear it would invalidate her claim against the insurance company, and her own testimony shows that her refusal to go back to work stemmed from her fear of falling because of the slippery condition of the floor at the place where she worked.

For the reasons assigned the judgment of the Court of Appeal is affirmed at relator's costs.