FRUGÉ, Judge.
This is a suit for workmen’s compensation benefits brought by Daniel C. McGee against the insurer of his former employer, Continental Casualty Company. The lower court rejected the demands of the plaintiff *90 and from that judgment plaintiff has taken this appeal.
The only issue before this court is whether or not plaintiff carried the burden of proving his claim for additional workmen’s compensation benefits.
Plaintiff McGee was employed by the Tenneco Oil Company as a service station attendant at the time the accident occurred. Plaintiff alleged and proved to the satisfaction of the lower court and this court that he was injured while carrying a large sign, on which he fell when a sudden gust of wind caused him to lose control of it. A portion of the sign struck him between the legs and in the left groin area when he fell on it. Compensation benefits were paid from the date of the accident until it was determined that he was able and fit to return to his former employment. However, plaintiff still complained of pain, thus instituted this suit, after which compensation benefits were started again and were current when this matter was tried.
The accident occurred on May IS, 1964, and the plaintiff was examined shortly thereafter by Dr. Robert B. Clifton, a general surgeon. At the time of the first examination plaintiff complained of pain in his left testicle and in his left groin. There was evidence of an inflammation and swelling of the left testicle at the time of this first medical examination. Dr. Clifton referred McGee to Dr. Jack E. Thielen, a urologist, for further treatment on September 1, 1964. Dr. Thielen found McGee’s left epididymis to be enlarged, indurated and tender, and stated that this condition could have been caused by the accident. His medical examination did not disclose plaintiff to be suffering from a hernia but did disclose that McGee was suffering from prostatitis. Subsequently McGee was operated on by Dr. Thielen for the removal of the left epididymis. As of February 1, 1965, Dr. Thielen felt that McGee had sufficiently recovered from his injury and the operation to return to work, and so discharged him.
Plaintiff still complained of pain in the area of the accident, so Dr. Thielen reexamined him and concluded that there was “a possibility” of a hernia as he “felt a small opening in the posterior wall.” Hernias being out of Dr. Thielen’s special field of urology, plaintiff was referred back to Dr. Clifton.
Dr. Clifton testified that plaintiff at the time he was re-examined did not have a hernia, nor was he able to demonstrate the hernia. Dr. Clifton was not able to find a hernia and, based on a number of thorough examinations, was able only to find what he diagnosed as a “defect”. Dr. Clifton testified that the hole or defect in the plaintiff’s abdominal wall could have been present for “ages,” thus pre-existing the accident, or this defect could have been congenital. It was Dr. Clifton’s medical opinion that plaintiff was not disabled at the time of his examination or suffering from a hernia.
The evidence contained in the record is clear that no expert medical witnesses testified that plaintiff had suffered a hernia as a result of the accident. The record is bare of any proof of a hernia. The only evidence of a defect is a small hole or opening in the abdominal wall which Dr. Clifton testified is not a hernia. It was Dr. Clifton’s expert opinion that this small hole or defect was not caused by the accident. There is no evidence that if this hole or defect was congenital or pre-existent it was aggravated in any manner by the accident. The only evidence of disability is the plaintiff’s own assertions, and this is in direct opposition to the testimony of his own witnesses, Dr. Thielen and Dr. Clifton.
 In a compensation case, the claimant, as in any other ,civil suit, bears the burden of proving his claim for workmen’s compensation benefits to a reasonable certainty by a reasonable preponderance of creditable evidence. Speculation, mere possibility, conjecture, or even unsupported probability are not sufficient to support a judgment for compensation benefits. Anderson v. Southern Fabricators Corp., La. *91 App., 160 So.2d 438; Borner v. City of Shreveport, La.App., 169 So.2d 627; Hebert v. Your Food Processing & Warehouse Co., La.App., 170 So.2d 765; Ernest v. Tac Amusement Co., La.App., 163 So.2d 818; Williams v. Travelers Ins. Co., La.App., 157 So.2d 356.
Plaintiff has failed to carry the burden of proof and it is this court’s opinion that the lower court’s judgment should he affirmed; costs of this appeal to he borne by appellant.
Affirmed.