REID, Judge.
This is a claim for Workmen’s Compensation benefits by Lessie Mixon against Bellemont Motor Hotel, Baton Rouge, Louisiana, and its insurer, The Travelers Insurance Company. Plaintiff’s petition alleges that on October 22, 1964, while she was employed by the Bellemont Motor Hotel as a maid, she was pushing a cart up a ramp when she strained her abdomen and stomach area, causing a rupture or hernia. The defendants filed a general denial and after trial of the matter the District Court rendered judgment in favor of defendants and against plaintiff, rejecting plaintiff’s demands at her cost, from which judgment plaintiff has appealed.
While plaintiff’s petition alleges she was injured on October 22, she states in her testimony that it was the 21st and the 22nd. She states that when she pushed a buggy upstairs “that knot, when I got upstairs before I got up there that knot jumped up in my stomach,” and that “the 22nd it got bigger, when I pushed that buggy up *109 the stairs it got bigger.” She claimed she had never had any trouble with her stomach before. Friday, the 23rd, was her day off and she reported to the Plaque-mine Sanitarium on Saturday, the 24th, and was operated on that same day by Dr. James A. Durand.
Dr. Durand testified that at the time the plaintiff was examined by him she was in severe upper abdominal pain about the site of the umbilicus, and he thought there was a strangulated umbilical epigastric hernia. When the operation was performed he found a fibrous mass about the size of a large marble in the midline and connecting with the umbilicus. The little mass was removed and Dr. Durand stated it was a cyst — not a hernia. He said the condition for which he operated was not caused by plaintiff’s employment. He further testified that the so-called knot did not suddenly appear as the plaintiff testified. After much questioning he did say that if she had been engaged in strenuous manual labor that could have contributed to or aggravated the pre-existing condition she had. But he went on to say he didn’t know if strenuous manual labor included the work of a maid, and admitted that regardless of her employment the condition she had would have developed into what he found sooner or later. Dr. Durand had treated the plaintiff for some time prior to the alleged accident and he appeared as a witness for the plaintiff.
Several maids from the Bellemont Motor Hotel appeared on behalf of the plaintiff and the testimony of each was similar to that of all the others. They all testified that plaintiff was a good worker; that she was not a complainer and had no record of being absent from work because of illness. They also testified that the plaintiff had said for several days that she was not feeling well but she never told them about the knot in her stomach or that she hurt herself while pushing the cart.
The Trial Judge gave no written reasons for judgment, but in his oral reasons dictated into the record he said the only evidence on behalf of the plaintiff was her own testimony and that while she testified she hurt all of a sudden and a lump popped out, in view of the doctor’s testimony that was an impossibility. He said he could believe she could commence hurting suddenly but that the doctor testified it would only be a possibility that the stress and strain of heavy labor would aggravate her condition, which condition was not brought on by an accident. He concluded that the plaintiff must prove her case, that speculation, possibility or even unsupported probability are not sufficient for recovery. As authority for his position he cited the case of Hebert v. Your Food Processing & Warehouse Co., La.App., 170 So.2d 765, wherein the Court held:
“It is settled law that the plaintiff in a compensation case, as in other civil causes, bears the burden of proving his claim to a legal certainty by a reasonable preponderance of credible evidence. Speculation, mere possibility, conjecture and even unsupported probability are not sufficient to support a judgment for workmen’s compensation benefits.”
An examination of the record in this case leads this Court to believe that the opinion of the Trial Judge is not erroneous. While it is true that Dr. Durand, who was plaintiff’s witness, after repeated questioning as indicated above, said there was the possibility of aggravation, a reading of his entire testimony substantiates the Trial Judge’s position, for the Doctor’s testimony is quite definite that the condition complained of was not referrable to the plaintiff’s employment.
For the above and foregoing reasons the judgment of the Trial Court is affirmed.
Affirmed.