BLANCHE, Judge.
Plaintiff-appellee, Sam E. Morrison, developed a hernia while working for defendant, Al H, German, on the construction of Prince Murat Inn. The accident giving rise to plaintiff’s injury occurred on May 12, 1969, and an operation was performed on June 12, 1969, by Dr. Daniel J. Fourrier at which time the hernia was repaired. On July 29, 1969, the doctor discharged him to return to work. Weekly compensation benefits in the sum of $45 per week were paid through August 7, 1969. On September 5, 1969, plaintiff filed suit for total and permanent disability, and defendants answered and filed a re-conventional demand claiming an overpayment of $52.50 for the period of July 30, 1969, through August 7, 1969. The trial judge gave plaintiff judgment for $450 or for ten additional weeks of workmen’s compensation benefits, and the reconven-tional demand for the overpayment of compensation for one week was dismissed. Defendants appealed assigning as error the finding of the trial court that plaintiff was disabled beyond July 29, 1969. The plaintiff has answered the appeal assigning as error the failure of the trial judge to assess statutory penalties against the defendant and also seeks damages for the taking of a frivolous appeal. We reverse.
Plaintiff’s whole case relies on the doctor’s testimony concerning the “possibility” of plaintiff’s having experienced substantial pain and discomfort after his discharge and on plaintiff’s own testimony that he did experience such pain for an undetermined length of time, which the trial judge found to be eleven additional weeks. A résumé of the pertinent testimony bearing on this issue follows.
Dr. Daniel J. Fourrier was the only medical witness who testified, and on direct examination he stated that on July 29, 1969, he discharged plaintiff to return *81 to work, that on this examination he felt the “majority” of pain and discomfort plaintiff may have had as a result of the operation had gone and for that reason he discharged him so he could return to work. He further testified that it was “possible” for some period of time after July 29, 1969, that plaintiff could have experienced substantial pain and discomfort while attempting to do the work he was doing before the accident. This testimony is the medical proof on which plaintiff relies to support his claim for additional compensation.
Plaintiff testified that after he was discharged to return to work he did not obtain a job until September 2, 1969. When told by the doctor he could return to work, he testified:
“A No, sir. I told him what kind of work I was doing and how I strained at work, and he said it would be all right, I could take it.
“Q You could take it?
“A Yes, sir.
“Q And could you?
“A No, sir.
“Q Why? [Answer] It was in July and hot and right out there in that open sun, well, I just couldn’t strain. Every time I’d pick up something it would hurt.
“Q What would hurt?
“A My right side and all through my back.
“Q Did you try to go back to work ?
“A Not in six weeks’ time.
“Q Not in six weeks?
“A It was about a month later.
“Q When did you first try to go back to work?
“A In September, the 2d of September.
“Q Why didn’t you try to go back to work in August?
“A I coudn’t take it, because I worked around home a little bit and I know I couldn’t do no chopping grass, cutting grass.
“Q You couldn’t even chop grass?
“A No, sir, I couldn’t do that.
“Q Was it the heat that kept you from going back to work—
“A No, sir.
“Q —or was it your side?
“A My side. Well, it was both of them, both of them.
“Q Both of them?
“A Yes, sir.” (Record, pp. 53, 54)
He further testified that another reason for his not going back to work in August was his failure to find a job. Pertinent testimony in this regard is as follows:
“Q Let’s go back and talk again about this period in August between the time that Dr. Fourrier discharged you and you went to work for B & B. Why was it that you didn’t go back to work in August for anybody?
“A Well, at that time I couldn’t find no job. I couldn’t go back where I got hurt at, they had laid me off. I couldn’t find no job at ihat time.
“Q Were you looking for a job?
“A Yes, sir. You see, I’m a union man, I works out of the hall.
“Q Well, could you have done the work without being in pain?
“A Well, I don’t know, sir. It’s according to what kind of work they put me on. If they put me on the Georgia buggy and concrete, I couldn’t have made it.” (Record, pp. 58, 59)
*82 Plaintiff also testified that he worked for the B & B Construction Company when he returned to work (Record, p. 61) and that working caused him such pain that he returned to Dr. Fourrier and stayed off work two weeks (Record, pp. 55, 56). However, Dr. Fourrier testified that Sam Morrison did return to him on October 28th but it was for a back injury and had nothing to do with the hernioplasty (Record, pp. 42, 43), and this would have been past the eleven-week additional period of disability found by the trial judge.
The trial court in its Reasons for Judgment stated:
“The court feels and concludes that plaintiff in this case was required to work in pain for a period of time after he went back to work. The compensation act and the cases interpreting same, have given relief to plaintiffs who have obtained other employment following an accident and have worked in pain. The court feels that the pain from the hernia gradually subsided and within eleven weeks had completely subsided * * *.” (Reasons for Judgment, Record, pp. 13, 14)
We are unable to determine from the evidence how the trial judge arrived at a finding that appellant was entitled to an additional eleven weeks of compensation after his discharge by the doctor. Accordingly, it is our view that the plaintiff failed to carry the burden of proving by a preponderance of evidence that the residual pain from the operation was of such a substantial nature as to be disabling or that it was disabling for any definite period of time after his discharge by the doctor.
Judge Landry of this Court in Meyers v. Employers Liability Assurance Corporation, 176 So.2d 658 (La.App. 1st Cir. 1965), stated as follows:
“ * * * In Workmen’s Compensation cases, as in other civil actions, claimant bears the burden of proof and is required to establish his claim to a legal certainty by a reasonable preponderance of evidence. Mere possibility, and even unsupported probability are insufficient to support a judgment in claimant’s favor. Anderson v. Southern Fabricators Corp., La.App., 160 So.2d 438; Dours v. Travelers Ins. Co., La.App., 48 So.2d 817.” (Meyers v. Employers Liability Assurance Corporation, 176 So.2d 658, 660)
In Hebert v. Your Food Processing & Warehouse, Inc., 248 La. 197, 177 So.2d 286 (1965), the Louisiana Supreme Court on a writ of review affirmed the judgment of the Court of Appeal reversing the judgment of the trial court awarding the plaintiff compensation benefits in a case involving virtually identical issues as the one presently before this Court. In so holding the Supreme Court specifically held that the plaintiff’s testimony to the effect that she suffered from headaches and pains in the neck failed to prove that she would be required to work in substantial or appreciable pain so as to be entitled to compensation benefits, when the almost unanimous medical testimony was to the contrary and the suggestion or recommendation of the medical experts was that plaintiff should return to her former employment and that she could perform her employment duties.
Therefore, the judgment of the trial court is reversed, and there will be judgment in favor of defendants-appellants on their reconventional demand in the sum of $52.50, together with legal interest thereon from date of judicial demand until paid, and all costs are to be paid by plaintiff-ap-pellee.
Reversed and rendered.