BEER, Judge
(dissenting).
Plaintiff-appellee’s counsel states in his brief that “the real issue in this appeal is whether the medical evidence supports the disability finding” and I agree.
However, I am not able to conclude that the medical evidence does support the disability finding and, therefore, must respectfully dissent.
As I understand the medical testimony the plaintiff had and continues to have a congenital deficiency in that there is not a complete closure of his spinal canal but this defect is not accompanied by any hernial protrusion of the membrane covering the spinal cord. Also, he has a second congenital condition that is best described in layman’s terms as vertebral stiffness. The first noted deficiency is usually susceptible to diagnosis and confirmation by x-ray but may not cause any particular physical or mechanical abnormality or difficulty.
The existence of the second noted deficiency may possibly cause some limitation of motion which could increase the time normally required to recover from trauma to the back. But neither of the congenital conditions are — themselves—necessarily changed from chronic to acute status by trauma. Most important, in my view, is the insufficient showing that the plaintiff’s present alleged disability results from anything other than his generally unchanged preexisting back condition, though, perhaps, now more susceptible to accurate description since his congenital deficiences have been diagnosed.
I believe that this case is governed by the holding of our brothers in the First Circuit in Monistere v. Louisiana Dept. of Hospitals, 273 So.2d 594 (La.App. 1st Cir. 1973) in which they reversed the trial court’s award of permanent and total disability and dismissed plaintiff-appellee’s suit.
It is quite true that insofar as our workmen’s compensation statutes are concerned an employer takes his employees as he finds them and is, therefore, responsible when a dormant preexisting condition, however insignificant, is aggravated in a work connected accident to the extent of causing disability or pain. But that settled jurisprudence has, I believe; come more and more to be treated as a hard-to-rebut presumption of liability in cases involving congenital defects. The unsatisfactory result in these instances has been to effectively eliminate the requirement that the plaintiff fully carry the burden of proof. For all practical purposes, there has been a shifting of the burden of proof to the defendant to prove that the allegedly injured worker’s congenital condition has stabilized at the same level existent prior to injury. This is, from a practical medical standpoint, almost impossible. Furthermore, it results in creation of a burden of proof situation that is not consistent with the rule announced by the Supreme Court of Louisiana in Hebert v. Your Food Processing & Warehouse, Inc., 248 La. 197, 177 So.2d 286 (1965).
Accordingly, I respectfully dissent.