JANVIER, Judge.
Plaintiff claims to have been totally and permanently disabled as the result of an accident which he alleges occurred during the course of and arose out of his employment in the hazardous business of his employer, Edmund C. Kramer one of the defendants. Alleging that Maryland Casualty Company had issued to the employer a policy of insurance against liability, plaintiff prays for judgment against that company and the employer solidarily. In the alternative that it be determined that the business of the defendant employer was not hazardous within the contemplation of our workmen’s compensation . statutes, plaintiff alleges that the accident was caused by the negligence of the employer, and he prays for solidary judgment against both defendants in the sum of $113,040.
Defendant, Kramer, filed an exception to the effect that plaintiff' had not alleged that Kramer’s business is one of those contemplated by the compensation laws, and that, having claimed the right to recover compensation, he cannot alternatively pray for a judgment for damages.
The Maryland Casualty Company filed exceptions of no right or cause of action based on the contention that the only insurance policy issued by that company to the defendant, Kramer, was an automobile liability policy and that there was no allegation that the accident had resulted from negligence of the employer.
All exceptions were overruled and defendant, Kramer, filed answer, denying that there had been any such accident and also denying that the business of the employer was hazardous.
Maryland Casualty Company filed answer denying that it had issued to the said Kra mer a policy of insurance against liability, for workmen’s compensation.
*340 After a trial on the merits there was judgment dismissing the suit against Maryland Casualty Company, and there was judgment in favor of plaintiff against the employer, Kramer, for compensation at the rate of $35 per week for not more than 400 weeks subj ect to certain credits for amounts already paid.
Plaintiff appealed from the judgment insofar as it dismissed his suit against Maryland Casualty Company, and Kramer appealed from the judgment against him.
The record overwhelmingly demonstrates that the principal business of the defendant, Kramer, seems to be the operation of motor courts in connection with which business he owns a motor truck which is used to transport equipment, materials and supplies of various kinds back and ' forth between his domicile in New Orleans and one of his motor court's in Laguna Beach, Florida.
The plaintiff was employed by Kramer to do various jobs in and around this motor court and to drive the truck which obviously made frequent trips between New Orleans and Florida, on most of which trips plaintiff operated the truck. This truck transportation seems to have been essential to the operation of the motor court in Florida. Therefore, in driving that truck, plaintiff was carrying out an important duty made necessary by the business of defendant. Accordingly, insofar as the duties of the plaintiff were concerned, the operation of that truck constituted an important part of the business of the employer, Kramer.
For many years it has been settled that the operation of a motor vehicle, if it is an integral part of the general business of the employer, justifies the characterization of that business as hazardous. The Supreme Court, in Meyers v. Southwest Reg. Conf. Ass’n of Seventh Day Adventists, 230 La. 310, 88 So.2d 381, 386, discussed this question. There a salaried minister found it necessary to use his automobile in traveling between various points to which his employment as a minister called him. The Supreme Court held that the fact that he used his automobile in carrying out the duties of his calling rendered the employer, the Church corporation, liable in compensation. To indicate the extent to which this doctrine has been carried, we quote the following from the concurring decision of Mr. Justice Hamiter:
“ * * * through extremely liberal interpretations given in connection with numerous decisions of this court and of our Courts of Appeal (with many of which I have disagreed) those statutory provisions have been extended so as to include ‘all types of pursuits’ (as stated in the majority opinion) in which motor vehicles are used; and the Legislature, although it has often met in regular session, has consistently permitted such interpretations and extensions to go unchallenged. For this reason I am forced to the conclusion that the Louisiana Workmen’s Compensation Act is here applicable and that plaintiff is entitled to the benefits which it affords.”
Thus, if there was an accident and if plaintiff sustained in that accident injury which to any extent disabled him, he is entitled to recover in compensation and not in tort. The policy of insurance which the defendant, Maryland Casualty Company, had issued to Kramer was limited to protection against liability resulting from the use of the automobile and the record does not even intimate that there was any negligence in the care or maintenance or operation of the truck, and there is not the slightest proof of any fault in that regard. Accordingly, the suit against the insurer was properly dismissed.
Thus the questions which remain before us are simply these. Was there such an accident as plaintiff claims and if there was, did he sustain any disabling injury?
*341 He contends that he was driving the pick-up truck from New Orleans to Florida transporting certain air conditioning machines to be used in the motor court in Florida, and that his attention was called to a fire which was in the rear portion of the truck and that he stopped the truck and, with the aid of passersby, removed the burning tarpaulin which covered the machines and .also the damaged machines-and that, in doing so, he suffered a strain which caused a heart condition from which he now suffers and which makes it most unwise, if not impossible, for him to do the work which he formerly did.
Defendant points to much evidence which at least warrants doubt of the veracity of plaintiff’s statements concerning the so-called accident and also as to whether he is now disabled.
When the matter was argued before us the first time we had some doubt on these questions and we thought it best to order that the matter be re-argued.
We fully realize that, on these questions of fact, it would not be proper to reverse the trial court without a finding of manifest error, but we also realize that in compensation cases, as in other civil suits, the duty is on a plaintiff to prove his contentions by a preponderance of the evidence. Thus we were confronted with the question of whether to affirm a finding because of doubt as to manifest error, or to reverse a finding which possibly is not supported by a preponderance of the evidence. We ordered the matter re-argued, and very shortly before the second argument counsel for defendant-employer filed a motion in which it was stated that motion pictures had been taken since the trial showing the plaintiff driving motor trucks and that those pictures, if exhibited to us, would show that the plaintiff’s claim that he cannot drive motor trucks is not founded on fact.
Counsel for plaintiff objected to the showing of those pictures and argued that it was not contended that plaintiff could not drive a motor vehicle, but merely that in the opinion of the doctors it was very unwise for him to do so.
The record further ■■ demonstrates that there is medical evidence which was not offered and which may or may not throw additional light on the question of whether ■ plaintiff has sustained injury.
We think that the ends of justice will best be served by our remanding the matter to the end that there may be offered in the trial court any additional evidence that may be available to either the plaintiff or the defendant Kramer. Insofar as the judgment dismissed the suit against Maryland Casualty Company, it must be affirmed.
For the reasons assigned, insofar as the judgment runs in favor of Maryland Casualty Company, it is affirmed, and in all other respects it is reversed; and it is now ordered, adjudged and decreed that this matter be remanded to the Civil District Court for the Parish of Orleans for the reception of such additional evidence as may be available to either party in order that the trial Judge may adjudicate the matter on the basis of the evidence heretofore offered and upon such new evidence as may he properly introduced.
Affirmed in part, reversed in part and remanded.