REGAN, Judge.
The plaintiff, Joseph Ernest, instituted this suit against the defendants, Tac Amusement Company and its workmen’s compensation insurer, Aetna Casualty and Surety Company, endeavoring to recover the sum of $14,000.00 for total and permanent disability resulting from injuries which he asserts he incurred on July 19, 1962, in the course and scope of his employment. He also seeks reparation for medical expenses, interest, penalties, and attorney’s fees.
Defendants answered and denied that they are liable for compensation payments to the plaintiff. They insist that while they had been notified that an injury had been sustained by him, they possessed no direct knowledge thereof, and in addition thereto, the plaintiff had been certified by their physician as being free from disability as a result of any such accident.
*819 From a judgment in favor of defendants dismissing plaintiff’s suit, he has prosecuted this appeal.
In his reasons for judgment the trial judge found as a fact that the plaintiff had not proved his case by a preponderance of the evidence, and that he was not impressed with the testimony of the plaintiff. Therefore, the only question posed for our consideration is whether the judgment appealed from is so erroneous and unsupported by the evidence as to warrant a reversal by us.
The record reveals that the plaintiff contends he was struck on his left side and in the back by the metal nozzle of an air hose he was using to clean a juke box owned by his employer, Tac Amusement Company. The hose apparently developed a leak while under extremely high air pressure, which caused it to move about the room in a whip-like fashion.
There were no eyewitnesses to the accident, and the only direct evidence of its occurrence is the testimony of the plaintiff, who insists that he has been incapable of gainful employment since the accident occurred.
The medical evidence adduced herein consisted of the testimony of Drs. Byron Unkauf, who appeared on behalf of the plaintiff, Irvin Cahen, Ralph J. McDonough, and Irving Redler, who testified as witnesses for the defendants. A detailed analysis of their testimony would serve no useful purpose. It is sufficient to say that, viewed in its entirety, the medical evidence reflects that the plaintiff did not incur disabling injuries as a result of his accident. All of the physicians agreed that their examinations revealed no bruises, contusions, lacerations, muscle spasm, or other symptoms indicative of injury. Moreover, all X-rays of the area about which plaintiff complained were negative. It is further significant to note that the complaints enumerated by the plaintiff differed from doctor to doctor.
The only other evidence offered at the trial hereof consisted of the testimony of friends and relatives of the plaintff, who asserted that he appeared to be ill after the alleged accident and that his activities were thereafter substantially restricted.
 Taken as a whole, the evidence does not indicate that the lower court was in error when it concluded that the plaintiff failed to prove his case by a preponderance of the evidence. The burden is upon the plaintiff in a workmen’s compensation case to prove his claim by a preponderance of the evidence and with the same degree of legal certainty as is required in any other civil case.[1] Obviously the plaintiff has failed to meet this burden, and his testimony has taxed our credulity.
For the reasons assigned, the judgment of the lower court dismissing plaintiff’s suit is affirmed.
Affirmed.

. See, for example, Guillory v. New Amsterdam Casualty Co., La.App., 141 So.2d 493 (1962).