BOLIN, Judge.
Plaintiff appeals from the refusal of the lower court to declare him totally and permanently disabled under the Louisiana Workmen’s Compensation Statute.
The hazardous employment, accident and rate of pay are conceded. The sole issue is whether plaintiff, on the day of trial, was totally and permanently disabled to perform his usual and customary duties of driving heavy trucks.
At the time of the accident, Burk was employed by Gulf States Truck Lines driving a large truck-trailer unit. While unloading a tank from the trailer, he received crushing injuries to his right cheek, fracturing the orbital floor, as well as the support bones of his right eye. Plaintiff immediately received first aid treatment and *784 was soon thereafter treated by Dr. John C. Hardin, Jr., a maxillo-facial and oral surgeon of Shreveport, Louisiana. Dr. Hardin performed surgery on his face with excellent results, but plaintiff says the injury left him with a degree of double vision which is totally disabling under the Workmen’s Compensation Act. In addition to the double vision, he complains of headaches after prolonged use of his eyes. He admits he can drive the family automobile for limited distances but contends he is unable to drive a heavy truck.
Defendant paid the employee compensation for several months, but discontinued payments upon receiving medical advice that he was able to return to his usual duties. It contends that any double vision experienced by plaintiff had been corrected by Dr. Hardin. It should be noted that plaintiff, whose glasses were broken in the accident, suffered from astigmatism which predated his injury.
The medical evidence was furnished by the following doctors of Shreveport: John C. Hardin, Jr., specializing in maxillo-facial and oral surgery; Heinz K. Faludi, neurosurgeon; Frank L. Bryant, eye specialist; A. Penn Crain, ophthalmologist, and Kenneth B. Jones, eye specialist.
Dr. Hardin’s testimony related primarily to his services rendered in connection with the surgery on the employee’s face. His testimony about the alleged double vision was based on his progress examination of plaintiff, in which he found no diplopia except in the extreme upward visual field. He based his final conclusion, that plaintiff was able to return to work, on his own neg-tive findings and after consultation with Dr. Jones, to whom plaintiff was referred by Dr. Hardin for ophthalmological examination.
Dr. Faludi’s evidence was negative in that he was unable to find any neurological basis for plaintiff’s alleged double vision. He conceded, however, that an eye specialist would be better qualified to evaluate this condition.
The medical evidence controlling in this, case is, therefore, limited to that of the three eye specialists who testified: Drs. Bryant, Jones and Crain. Without going into detail, we briefly summarize our appreciation of their testimony.
Dr. Bryant was of the opinion the employee had some double vision in all fields of view except directly forward which disabled him from performing his regular duties as a driver of a large truck and trailer. He further attributed this disability to the accidental injury.
Drs. Jones and Crain believed that plaintiff would have perfect vision in all fields except beyond a thirty-five degree angle to-his upper right. In other words, they felt when the employee wore his glasses he-could see with perfect vision in all directions except possibly when looking up and to his right, at which angle the double vision was only slight. Under these circumstances, they concluded he was able to-perform the duties of driving a heavy truck.
The testimony of several lay witnesses was also offered by plaintiff in an effort to show the skilled nature of the duties-formerly performed by Burk; to prove plaintiff’s double vision would prevent him from driving a truck; that it had in fact prevented him from driving an automobile for any great length of time; and that he suffered from headaches.
In his written reasons for judgment the trial judge reviewed the evidence and concluded plaintiff had not borne the burden of proof.
The issue presented is purely factual and necessitates a review of the evidence as it relates to plaintiff’s alleged disability to perform his former duties. We concede-the testimony contains some inconsistencies, and the case presents a very close question.
Appellant contends that where there is an irreconcilable conflict in the medical testimony, the court should consider lay testimony; that the court should consider *785 the plaintiff’s good work record in deciding whether he is disabled; and further that mere superiority in the number of medical experts is not the controlling factor in determining the question of disability. We concede these contentions have become well established evidentiary rules in our jurisprudence.
 It is to be remembered, however, that in compensation cases, as in all others, the plaintiff bears the burden of proving his case with reasonable certainty and by a preponderance of evidence. The question, therefore, is whether Burk has borne this burden of proof. Our review of the medical evidence alone leaves serious and substantial doubts in our minds whether plaintiff has double vision, except to his extreme upper right. Further, we are not convinced that such limited double vision would disable him from performing his usual and customary duties of operating a heavy truck.
Conceding for the sake of argument that the medical testimony is irreconcilable, we do not find the medical and lay testimony offered by plaintiff preponderates in his favor. All the witnesses testified in open court except Dr. Faludi whose report was introduced by stipulation. The trial judge had an opportunity to see and observe these witnesses. From our painstaking review of the record we find no error in his conclusions.
For the reasons assigned the judgment appealed from is affirmed at appellant’s costs.
Affirmed.
HARDY, J., dissents.