177 So.2d 278

Henry N. BURK

v.

SECURITY INSURANCE COMPANY
OF NEW HAVEN.

No. 47648.

July 2, 1965.

John P. Godfrey, Many, for relator.

Cook, Clark, Egan, Yancey & King, by Benjamin C. King, Shreveport, for respondent.

SUMMERS, Justice.

We granted certiorari[1] to review the decision of the Court of Appeal, Second Circuit,[2] denying recovery to plaintiff for total

1. 247 La. 490, 172 So.2d 295 (1965).

2. 170 So.2d 783 (La.App.1965).

and permanent disability under the Workmen's Compensation Statute.

■ The Court of Appeal opinion contains an accurate narrative of the facts and a thorough evaluation of the medical and lay testimony in this case. No useful purpose would be served by repeating them. Because the plaintiff has failed to bear the burden of proving his disability with reasonable certainty and by a preponderance of the evidence[3], the judgment is affirmed insofar as it decrees that plaintiff is not permanently and totally disabled. Doctors Hardin, Crain and Jones all testified that plaintiff could return to his job of driving heavy trucks in April 1963.

However, plaintiff contends in the alternative that he has suffered a permanent partial loss of the use or function of his right eye, which is compensable under R.S. 23:1221(4) (o).

The record reveals that three medical experts examined plaintiff for diplopia, or double vision. All three of them found *some* presence of this condition. Doctor Bryant testified:

"Q. How many fields of gaze are there, Doctor? How many fields of vision are there?

"A. Well, in some books there are said to be eight, but I think in most

3. Russell v. Employers Mutual Liability Insurance Co. of Wisconsin, 246 La. 1012, 169 So.2d 82 (1964); Guillory v. New Amsterdam Casualty Co., 244 La. 225, 152

textbooks nowadays they restrict it to six.

"Q. And your tests definitely showed double vision in four of them?

"A. Four of them."

Doctor Crain stated:

"Q. Now, what was the result of the tests that you gave, Doctor?

"A. Well, so far as I am concerned, there was no double vision anywhere except upper right and upper left."

Doctor Jones testified as follows:

"Q. Dr. Jones, do you believe he's got double vision in all cardinal fields?

"A. Not in all cardinal fields, no.

"Q. Where do you think it is?

"A. Up and to the right."

Although Doctor Hardin conducted some tests for double vision and his testimony is in the record concerning these tests, he readily admitted "I have to depend upon the opthalmologist for the detailed double vision * * *." He further stated on cross-examination:

"A. I have relied entirely on Dr. Jones for the decision as to when he should go back to work, as far as

So.2d 1 (1963); Ernest v. Tac Amusement Co., 163 So.2d 818 (La.App.1964); Gilmore v. Brown and Root Co., 160 So. 2d 836 (La.App.1964).

double vision, because my tests are based entirely upon what the patient tells me and I have to rely on that. * * * But as far as the detailed tests, the ophthalmologists have to give those."

■ Unquestionably, plaintiff is suffering from double vision to some degree ·caused by the accident arising in the course and scope of his employment. It is hardly ·open to argument that this condition deprives the plaintiff of some use or function of his right eye. Knispel v. Gulf States Utilities Co., 174 La. 401, 141 So. 9 (1932); Lorch v. American Can Co. Southern, 5 So. 2d 35 (La.App.1941), cert. denied January 5, 1942. Therefore, there is a partial loss ·of the use or function of that organ. Without double vision, he would possess the same capacity for sight that he had before the accident. This is an impairment or loss of function which we must conclude is compensable under R.S. 23:1221(4) (o). Jones v. New Orleans Furniture Mfg. Co., 17 So. 2d 847 (La.App.1944).

■ The record, too, contains testimony to the effect that plaintiff has lost no substantial functional use of his right eye, but this evidence was given in an effort to establish that the loss of function would not seriously interfere with the performance of his duties as a driver of large trucks. These observations by the medical experts, though pertinent to the question of disability, are not sufficient to deny recovery for loss of function. In Jones v. New Orleans Furniture Mfg. Co., supra, commenting on the compensation provided by the present subparagraph (4) (o) of R.S. 23:1221, the court stated that it "* * * ·provide(s) for the payment of specific compensation for the loss * * * of its use (an eye) or for the partial loss of its use *whether such loss results in disability to perform work or not.*" (Emphasis added.)

Thus, the test is not whether or not the plaintiff has lost sufficient functional use of his right eye to prevent him from driving a truck, but whether he has incurred, as a result of the accident, a permanent partial loss of the use or function of his right eye. As previously stated, we think that he has.

■ We are unable, however, from an examination of the record, to determine the extent of the impairment. Therefore, we will remand the case to the district court for evidence relative to the degree of impairment so that the proper amount of compensation under R.S. 23:1221(4) (o) may be awarded to him. A remand is proper under the circumstances. La. Code Civ.P. art. 2164 (1961); Glidden v. Alexandria Concrete Company, 242 La. 626, 137 So.2d 894 (1962); Wade v. Calcasieu Paper Company, 229 La. 702, 86 So.2d 540 (1956); Jackson v. Kramer, 124 So.2d 338 (La.App. 1960), cert. denied January 9, 1961.

For the reasons assigned, that portion of the judgment of the Court of Appeal denying plaintiff's claim for compensation for total and permanent disability is affirmed; otherwise the judgment dismissing plaintiff's suit is reversed, and the case is remanded to the First Judicial District Court, Parish of Caddo, for further proceedings in accordance with the views expressed herein.

All costs to be paid by defendant.