GLADNEY, Judge.
This suit for workmen’s compensation was instituted on March 3, 1964. The case came to trial on April 8, 1965 and resulted in a judgment rejecting plaintiff’s demands, from which decree she has appealed. While employed as a saleswoman by the Reese Variety Stores, Inc., in Shreveport plaintiff sustained an employment injury on December 20, 1961 for which compensation was paid for a period of sixty-three weeks, said payments being discontinued on March 5, 1963, at which time she was discharged by Dr. Edwin C. Simonton, Jr., orthopedist, as being able to return to full duty on March 1, 1963. Approximately a year later this suit was filed wherein it is alleged that the employee slipped and fell to the floor of her employer’s store and injured her back, nervous system, right thigh, right leg and right hand, and that she has continued to suffer low back pain.
*465 After this appeal was lodged in this court the appellant filed an alternative motion to remand, attaching thereto the statement of Dr. Ray E. King, orthopedic specialist, disclosing that Mrs. Jamison had been under his care for a herniated lumbar disc and that on August 25, 1965 a laminectomy and disc removal was done, removing a ruptured fourth lumbar disc from the L^4 — 5 interspace on the right side. It is certified that the progress of the patient up to October 8, 1965, the date of the letter, had been satisfactory. It is asserted by appellant that the laminectomy and disc removal performed by Dr. King verifies some of the original findings of Doctors Bicknell and Simonton, orthopedists, which were not apparent at the time of the trial. As authority for the remand, reliance is placed upon: LSA :C.C.P. Art. 2164; Wade v. Calcasieu Paper Co., Inc., 229 La. 702, 86 So.2d 540 (1956) ; Jackson v. Kramer, La.App., 124 So.2d 338 (4th Cir.1960, cert. denied) ; Glidden v. Alexandria Concrete Co., 242 La. 626, 137 So.2d 894 (1962); and Burk v. Security Insurance Co. of New Haven, 248 La. 177, 177 So.2d 278 (1965).
The motion to remand is vigorously opposed by appellee in brief wherein it is emphasized that the operation performed by Dr. King took place three years and eight months after the date of the employment accident; that Dr. King’s letter states nothing more than that Mrs. Jamison was operated upon by him for a ruptured disc on August 25, 1965 without the slightest hint that the ruptured disc resulted from the accident of December 20, 1961. Appel-lee argues that the authorities relied upon by mover are inapposite and cites certain authorities to disclose that the motion to remand is not proper.
Under the provisions of LSA-C.C.P. Art. 2164 this court is directed to render any judgment which is just, legal and proper upon the record of appeal. One of the official revision comments [note (c) ] interpretive of'the article makes the comment that the above test is broad enough to permit remands. With full appreciation of the position taken by appellee that litigation should come to an end, we can only state that a strict application of the principle should be modified in the interest of affording to a litigant a full opportunity to present all available evidence which could affect a decision. We are inclined to state in fairness to the litigants that based on the record as presently presented on the appeal, we should probably reach the conclusion that plaintiff’s suit should be dismissed as did the district court. However, upon a most careful review of the record we find a constant and continuous record of visitations for professional advice and treatment to a back condition from the date of the accident to the operation on August 25, 1965 by Dr. King. Thus plaintiff was treated by Dr. Harold C. Bick-nell, orthopedist, from December 28, 1961 through October 3, 1962; by Dr. Joseph L. Ewing, urologist, on some four occasions in 1962 and 1963; by Dr. Edwin C. Simonton, Jr., orthopedist, from October 19, 1962 through March 29, 1965; and by Dr. Frederick C. Boykin, neurosurgeon, from March, 1960 through August 1, 1962. In addition to these medical specialists, plaintiff was also examined by Dr. Edward M. Krusen, Director, Department of Physical Medicine & Rehabilitation, Baylor University Medical Center of Dallas, Texas, the findings of whom were presented in a letter to Dr. Simonton dated September 24, 1963.
It is not feasible to relate in detail all the findings of these physicians with reference to the vertebra in plaintiff’s back. Some of the findings of these experts indicate there may be connexity between such findings and the ruptured fourth lumbar disc removed from the L — 4—5 interspace by Dr. King on August 25, 1965. Dr. Krusen, after performing an electromyo-gram, stated that the patient could have some U-5 root irritation which could only be properly determined by an exploratory operation. On the October 12, 1962 examination by Dr. Simonton he found there existed a questionable defect in the last *466 vertebrae in plaintiffs back and that either the instability resulting from this defect or from a small protrusion of the disc was giving Mrs. Jamison irritation of the nerve root. However, subsequent x-ray views of the lumbar spine and a myelogra-phy performed on April 2, 1963 by the doctor failed to disclose any abnormality of the spine. After his examination on April 26, 1963 Dr. Simonton discharged his patient as being without residual disability. However, she returned for treatment on September 20, 1963 and he continued to treat her with reference to the spine through March 29, 1965. Dr. Boykin performed a myelogram on August 1, 1962 from which he concluded that the lumbar and cervical areas appeared to be normal without evidence of space-filling defects except for slight blunting of the nerve sleeve on the left at L-4 — 1^5 interspace.
It may well be conceded that there is much evidence to sustain the findings of the trial court and we are not at all certain that plaintiff in future proceedings will be able to show connexity between the injury of December 20, 1961 and the findings of Dr. King on August 25, 1965 as a result of his operation. However, in the interest of justice, we are inclined to give plaintiff another opportunity to present any evidence which may connect her employment injury with the ruptured fourth lumbar disc removed by Dr. King. Ample authority for this action is to be found in the above cited authorities.
For the reasons hereinabove set forth, it is ordered that the judgment from which plaintiff has appealed be annulled and set aside, and the case is ordered reopened but restricted, however, to the introduction of relevant medical evidence presented by either side disclosing the connexity, if any, between the employment accident and the herniated disc removed by Dr. King on August 25, 1965.
All costs incurred in this appeal should await the outcome of the case.