LEMMON, Judge.
This is an appeal by the City of New Orleans from a judgment awarding Gilbrid Genella workmen’s compensation benefits for a period not to exceed 300 weeks.
Genella was a patrolman with the New Orleans Police Department. While performing his assignment to guard the May- or’s home on July 28, 1968, he slipped on an oily spot on the carport and injured his back.
Neither the accident nor the rate of compensation are disputed. The sole issue is whether or not Genella is disabled because of this accident and, if so, the extent oi his disability.
Genella was injured shortly after he came on duty, but he completed the evening shift. The next day he suffered back pain and shortness of breath and eventually sought medical attention three days after the accident.
The doctor found tenderness and limitation of motion in the back and neck areas, and also found that straight leg raising increased the back pain. He prescribed muscle relaxants, sedation and diathermy treatments.
When Genella did not respond to treatment, he was referred for separate examinations to an orthopedic surgeon and a neurosurgeon. After consultation with these specialists, the treating physician diagnosed either a ruptured lumbar disc, or spondylitis, a rheumatoid type of arthritis.
The treating physician recommended hospitalization to either confirm the disc injury by a myelogram or to determine the arthritic condition by x-rays and laboratory data. He testified that Genella, while willing to submit to hospitalization and testing and to undergo surgery, if necessary, stated that he was financially unable to pay these expenses.
The doctor further testified that at the time of his last examination in November, 1968 Genella was unable to fully perform his regular duties as a patrolman, which required physical exertion and considerable movement. However, Genella was allowed to and did perform light duties until he was suspended about a month after the accident.
From November, 1968 until the trial in January, 1970 Genella did not see any other doctors. He worked sporadically during that time as a taxi driver, but complained that he couldn’t remain in the sitting position for an extended period of time and therefore could not work steadily.
The City paid Genella’s regular wages from the time of the accident until he was suspended. No compensation benefits have ever been paid.
The City contends that since spondylitis, one of the alternate diagnoses, is of systemic origin and is not caused by trauma, Genella has failed to prove the causal connection of his disability with the accident. We disagree. Genella’s disability was not caused by the existence of spondylitis, but rather by the traumatic aggravation of the pre-existing, although dormant, arthritic condition (or by the ruptured disc).
It is undisputed that Genella, during his eight years with the Police Department, was fully able to perform his duties until the very moment of the accident and was unable to do so shortly after the accident. Under these circumstances a claimant is not required to prove the exact cause of his disability, but only to show the causal relationship of the disability with the accident. Russell v. Employers Mutual Liability Ins. Co. of Wis., 246 La. 1012, 169 So.2d 82 (1964). For present purposes it does not make any difference whether the disability is caused by a traumatic disc injury or by a traumatic aggravation of an arthritic condition.
We conclude that Genella sustained a total, temporary disability as a result of the accident, and the award of benefits *508 for a period not to exceed 300 weeks was proper.
Furthermore, the City has a duty to furnish all necessary medical, surgical, hospital services and medicines under LSA-R.S. 23:1203. Since the doctor to whom Genella was referred by the Police Department never discharged him, but advised hospitalization and testing, the City is the proper party to bear the cost of these services. If subsequent examinations indicate that Genella’s incapacity has either diminished or increased, either party has the right to apply to the trial court for modification of the judgment of compensation. LSA-R.S. 23:1331.
Accordingly, the judgment of the trial court is affirmed.
Affirmed.