284 So.2d 888 (1973)
David JOHNSON, Jr.
v.
The TRAVELERS INSURANCE CO. et al.
No. 53272.
Supreme Court of Louisiana.
October 29, 1973.
Rehearing Denied November 30, 1973.
*889 Warren J. Hebert, New Orleans, Robert R. Rainer, Baton Rouge, for plaintiff-applicant.
William A. Norfolk, Taylor, Porter, Brooks & Phillips, Baton Rouge, for defendants-respondents.
SANDERS, Chief Justice.
Plaintiff, David Johnson, Jr., brought this action to recover under the Louisiana Workmen's Compensation Act for personal injuries resulting in total and permanent disability.
The District Court rendered judgment in favor of the employer, Riddle Masonry Company, Inc. and its compensation carrier, Travelers Insurance Co., dismissing plaintiff's suit.
The Court of Appeal affirmed the lower court decision. 271 So.2d 559 (1973). We reverse.
Johnson, a 52-year-old bricklayer's helper, received a back injury in the course and scope of his employment on July 16, 1972. While attempting to slide a bale of bricks, weighing about 400 pounds, into position on a scaffold, he lost his footing, fell, and the bricks fell on top of him. The mishap was reported immediately to his superior, who authorized him to secure medical aid.
The evidence establishes that, prior to the accident, Johnson had been a steady worker, with no history of back pain.
Plaintiff saw Dr. Harry Morris, a general practitioner, on the date of the accident. Dr. Morris' report, accepted in lieu of his testimony, indicates appellant complained of sacroiliac pain and numbness of the right leg. Examination disclosed mild pain to touch in the right sacroiliac area. Straight leg raising tests proved negative. X-rays disclosed hypertrophic degenerative *890 changes throughout the lumbar spine and congenital anomaly of the transverse process of the first lumbar vertebra. Dr. Morris prescribed pain relievers and bed rest. He diagnosed plaintiff's condition as sacroiliac sprain. The following day Johnson was again seen by Dr. Morris who considered him improved, despite complaints of pain in the back and right leg. On July 20, 1970, Dr. Morris saw plaintiff and found no limitation of motion. Johnson was last seen by Dr. Morris on July 23, 1970, and which time he reported feeling better, but stated he felt a burning sensation in the back upon standing and neck pain when he stood erect too long. Dr. Morris again found no limitation of motion. The physician was of the opinion that plaintiff should make a complete recovery with no residual disability.
On August 13 and 20, 1970, Johnson consulted Dr. L. P. Laville, Jr., who diagnosed his condition as mild residual lumbo-sacral strain. Dr. Laville initially prescribed diathermy, pain relievers, and rest. He felt that plaintiff was then able to perform light duty, and a week would be able to return to his normal heavy labor. On plaintiff's second visit, Dr. Laville considered him fully recovered and able to resume work on August 24, 1970.
Plaintiff was seen by Dr. Charles B. Cracraft, an orthopedic surgeon, on September 4, 1970. Dr. Cracraft's report indicates he found minimal paravertebral muscle spasm and some restriction of flexion motions of the back. He also noted that all other motions were complete, but caused some pain upon extremes. X-rays revealed no fractures, dislocations or evidence of spondylolisthesis. He did note moderate hypertrophic lipping of the lumbar vertebral bodies and considerable narrowing of the lumbo-sacral disc space posteriorly. His diagnosis was (1) strain and contusion of the low back; (2) hypertrophic arthritic changes of the lumbar spine, and (3) degenerative disc disease at the lumbo-sacral level. Physical therapy was prescribed for a week, and the patient advised to return September 11, 1970. Plaintiff returned, reported feeling better, but stated that he had attempted to do some yard work and had experienced back pain. Dr. Cracraft found all motions complete and an absence of muscle spasm. Plaintiff was advised to continue physical therapy treatments and to return in a week. On September 18, 1970, Dr. Cracraft gave plaintiff a note stating plaintiff could resume work September 21, 1970.
On October 2, 1970, Johnson returned to Dr. Cracraft. He stated he had gone to work helping his brother-in-law harvest potatoes, and that upon stooping down, he could not straighten up. On this occasion, Dr. Cracraft found considerable muscle spasm and restriction of all motions. Thereafter, Dr. Cracraft saw plaintiff on October 9, 16 and 23, and November 9, 1970. On each visit plaintiff was found to be improving. On November 9, 1970, Dr. Cracraft advised him to resume work the following day. Plaintiff returned to Dr. Cracraft on December 4, 1970, reporting that he had resumed work as a bricklayer's helper for about a day and a half and had again experienced back pain. Dr. Cracraft found him disabled. Plaintiff was also seen by Dr. Cracraft on December 11, 1970, and advised not to resume heavy work. Plaintiff was seen by Dr. Cracraft for the last time on January 1, 1971, who found him disabled for heavy work.
Johnson was seen by Dr. Allen Jackson, orthopedic specialist, on March 1, 1971. His findings were essentially the same as Dr. Cracraft's. Dr. Jackson found plaintiff disabled to do heavy work.
The sole issue is whether the accident on July 16, 1970 caused disability of a total and permanent nature.
The defendants concede that there was an accident within the purview of the Louisiana Workmen's Compensation Act; however, they assert that this accident resulted in temporary disability only. It is defendants' *891 position that disability extended from July 17 to November 5, 1970, for which payment has been made.
The plaintiff has the burden of proof in a workmen's compensation case. Burk v. Security Ins. Co. of New Haven, 248 La. 177, 177 So.2d 278 (1965); Adams v. Home Indemnity Co., La.App., 180 So.2d 51, writ ref. 248 La. 697, 181 So.2d 398 (1965); Wells v. Kaiser Aluminum and Chemical Corp., La.App., 185 So.2d 37 (1966). It is incumbent upon the plaintiff to establish the causal relationship between the accident and his disability by a preponderance of the evidence. Russell v. Employers Mutual Liability Ins. Co. of Wis., 246 La. 1012, 169 So.2d 82 (1964).
In Bertrand v. Coal Operators Casualty Co., 253 La. 1115, 221 So.2d 816 (1969), we stated:
"In a case such as the present one, where there is proof of an accident and of a following disability without any intervening cause, it is presumed that the accident caused the disability."
In the present case, the presumption applies. The evidence reflects that the plaintiff suffered no back pain prior to July 16, 1970. (Tr. 68, 73, 79). It establishes that on July 16, 1970, the plaintiff was involved in a work-related accident. (Tr. 76-79, 84-85, 92-94). The pain, which the plaintiff experienced, had its inception with the accident and continued to the time of the trial. (Tr. 89-95 and medical report of Dr. Cracraft). Although the pain was less severe at times, it never subsided.
In the case at bar, the defendant contends that the arthritic condition of the plaintiff's back is the cause of disability that existed after November 5, 1970. However, this contention lacks merit. The onset of the disability was triggered by the fall, which activated the previously dormant arthritic condition. No sound basis appears in the record for fragmenting the disability into two periods, one attributable to the fall and the other to the arthritic condition.
In Louisiana, the opinion of the physician, especially the treating physician, is given great weight. However, as set forth in Williams v. Hudson East, 261 La. 959, 261 So.2d 629 (1972), the following general considerations apply:
"A medical witness may possess a peculiar competence to testify on questions of medical causation and of possible relation of symptoms to the medical injury. His opinion as to the degree of residual pain, or its legal consequences, is not necessarily as persuasive. 3 Larson, Workmen's Compensation Law, Sections 79.50-79.54 (1971).
"Proof of disability arising by reason of subjective pain must of necessity depend to a great extent upon the trial court's evaluation of the truthfulness of the claimant's complaints in light of the entire record of medical and lay testimony. Thus, a medical estimate of the degree of pain must be evaluated in the context of such entire record, and a medical opinion as to whether a permanent disability is partial or total must yield to the legal test thereof."
We conclude that the causal nexus between plaintiff's occupational accident and his present disability is adequately established.
The jurisprudence supports the principle that workmen's compensation is payable when the accident aggravates or accelerates a pre-existing condition, producing disability. LSA-R.S. 23:1021; Gatheright v. United States Fidelity and Guaranty Co., La.App., 267 So.2d 576, writ ref. 263 La. 612, 268 So.2d 675 (1972); Jones v. Douglas Pub. Service, La.App., 264 So.2d 267 (1972); Lum v. Tri-State Ins. Co., La.App., 252 So.2d 157, writ ref. 259 La. 932, 253 So.2d 379 (1971); Harrell v. Delta Drilling, La.App., 251 So.2d 97, writ ref. 259 La. 896, 253 So.2d 221 (1971); Norred v. Travelers Ins. Co., La.App., 236 *892 So.2d 637, writ ref. 256 La. 842, 239 So.2d 354 (1970).
For the reasons assigned, the judgment of the Court of Appeal is reversed. Judgment is rendered in favor of the plaintiff, David Johnson, Jr., against the Riddle Masonry Company, Inc. and The Travelers Insurance Co., in solido, for workmen's compensation at the rate of $49.00 per week from July 16, 1970, for a period not exceeding 500 weeks, with legal interest on each installment from due date until paid, subject to a credit for all installments already paid. All costs of court are assessed against the defendants. The fee of each expert witness who testified at the trial is fixed in the sum of $75.00.