WATSON, Judge.
Herman Rougeau, plaintiff, was employed on June IS, 1971, by Tudor Construction Company, employer, which was insured for workmen’s compensation liabilities by Travelers Insurance Company, insurer. When pushing a shovel into some soil cement, he felt a hot or burning sensation in his back which ran down into his lower extremities.
Shortly after the accident, plaintiff was seen by Dr. Eli Sorkow, a general practitioner of Lake Charles, although this physician’s testimony and reports were not received by the trial court. One report by Dr. Sorkow was received as an offer of proof, but, since it is not in evidence, it *388 cannot be considered by this court on appeal.
Thereafter, plaintiff came under the treatment of Dr. Ladislas L. Lazaro, III, an orthopedic surgeon. This doctor saw plaintiff on a number of occasions and diagnosed a mild back sprain. He also observed that plaintiff suffered from an “emotional over-lay and some psychiatric problem.” (TR. 36). The gist of this doctor’s testimony was that Rougeau could return to work as far as his back problem, but could not work because of his mental condition. (TR. 100).
Plaintiff was examined by Dr. H. P. Wyatt, a psychiatrist, who testified that Rougeau was suffering from depression, and that there was a relationship between his being out of work and his depression, although he was not suffering from a conversion neurosis. This psychiatrist also stated that the depression possibly resulted from his injury, but not probably, and that, while he found no direct relationship to the injury, there was an indirect relationship. Dr. Wyatt found that plaintiff was not able to work as a result of his depression. (TR. 136).
Another physician who examined plaintiff was Dr. David Buttross, Jr., a specialist in internal medicine, who conducted a comprehensive physical examination with negative findings. Dr. Buttross noted some difficulty in communicating with plaintiff (plaintiff’s primary tongue is French) and formed the impression that plaintiff had an emotional overlay. (TR. 168). However, Dr. Buttross noted that he would defer to psychiatric specialists concerning plaintiff’s emotional problem. He added that he thought that a psychiatric evaluation was very much in order. (TR. 169).
Dr. Gilíes R. Morin, a specialist in the field of psychiatry, examined plaintiff on one occasion, March 13, 1973, and stated that he conducted much of the interview in French. He diagnosed plaintiff’s condition as a depressive reaction, but stated that, in his opinion, the depressive reaction was not caused by the accident. He further stated his opinion that plaintiff was not suffering from a traumatic neurosis or a conversion reaction. (TR. 237).
Plaintiff testified that he injured his back when pushing on a shovel and also experienced the same symptoms later in the day while using a push broom. He indicated that his job steward took him to see Dr. Sorkow, whom he understood to be the company physician. Dr. Sorkow, according to plaintiff, gave him some medicine, instructing him to place heat on his back and to lay on the floor for a period of time.
Plaintiff added that he saw Dr. Dupre thereafter and that he was placed in the hospital for a period of seven days. Dr. Dupre, unfortunately, is now deceased.
Also testifying were Versie Ledet and Marcina Declouette, neighbors of plaintiff, and Louvenia Rougeau, plaintiff’s wife, all of whom confirmed plaintiff’s disability and all of whom dated his present condition as beginning with the alleged accident.
During the course of the trial, it was adduced that plaintiff had been seen by certain other physicians for welfare benefits and for social security. At the conclusion of the trial,'plaintiff’s counsel moved to hold the matter open in order to take the depositions of these doctors, stating that he had been under the impression that he was not legally entitled to obtain their testimony. This motion was denied by the trial court.
Certain material relative to the opinions of these doctors is in the record as an offer of proof, but we find that the trial court ruled correctly that the evidence was inadmissible as presented.
The trial court proceeded to render judgment in favor of the employer and the insurer on the basis of the evidence reviewed above.
We are of the opinion that, under the particular circumstances of this case when: all of the physicians who gave evidence indicated that plaintiff is suffering from *389 some type of emotional disorder; plaintiff’s difficulties all stem from the date of his accident with no evidence of other causative factors, Johnson v. Travelers Insurance Co., La.1973, 284 So.2d 888; plaintiff suffers from educational and language barriers; and the opinions of the other physicians who examined plaintiff for purposes of welfare and social security (which he is receiving) could resolve the conflict in the medical evidence, the ends of justice would best be served by remanding this case to the trial court for the purpose of securing the testimony of the phy-' sicians identified in the record as Dr. Texada, Dr. Weber and Dr. Charles Fontenot. LSA-C.C.P. art. 2164; Burk v. Security Insurance Company of New Haven, 248 La. 177, 177 So.2d 278 (1965); Robinson v. Fidelity & Casualty Co. of New York, 181 So.2d 318 (La.App. 3 Cir. 1965); Jamison v. Reese Variety Stores, Inc., 181 So.2d 464 (La.App. 2 Cir. 1965); Hoffpauir v. Hardware Mutual Casualty Company, 192 So.2d 588 (La.App. 3 Cir. 1966).
Therefore, we will reverse the judgment of the trial court and set aside his dismissal of plaintiff’s petition, and we remand the case to the trial court for further proceedings in accordance with this opinion.
Taxation of all costs are to await final determination.
Reversed and remanded.