REDMANN, Judge.
Defendant employer and insurer appeal from a workmen’s compensation award for total and permanent disability.
Two physicians testified that plaintiff’s fall at work produced ligamentous and muscular strain of her lower back which required an unusually long recuperative period because of a pre-existing degenerative condition. The principal difference in medical opinion is that one physician believed the effects of the fall of October 10, 1973 had resolved as of an April 5, 1974 examination, and the other believed that they were still present at the January 1975 trial (this appeal is delayed by five extensions of return day) and might be expected to continue as late as April 10, 1975, 18 months after the accident. The only medical assertion of disability that is expected to exist thereafter is from the pre-existing back condition (arthritis, osteophytes and disc disease), which was disabling prior to the accident and which will continue to be disabling in the future.
Plaintiff’s argument is that this condition was not disabling prior to the accident ; she did her work despite it, and now (as of trial) she cannot; and therefore, as in Johnson v. Travelers Ins. Co., La.1973, 284 So.2d 888, it was the accident which awakened the pre-existing condition and made it disabling. This argument is not persuasive under our circumstances, because the actual disability plaintiff experiences is, her doctor says, attributable in part to her ligamentous-muscular strain (although it is more disabling and longer-lived because of her pre-existing condition).
We conclude that the evidence does not support a finding of permanent disability. Plaintiff’s expert testified that the pre-existing condition and the fall “combined” to bring on the disability; that the “markedly degenerative lumbar disc” disease “produced [plaintiff’s] disability”, which he “felt was precipitated by the fall.” He estimated that the ligamentous injuries would subside in 18 months (compared to three months for a person without the pre-existing condition); “her future disability, past April 10, 1975, will be due *214 to her degenerative condition rather than the accident of October 10, of 1973”. The pre-existing conditions “were even without the accident disabling, or would have been disabling to her . . . within a year” of the expert’s first examination of plaintiff. The expected disability after 18 months “is because of her degenerative condition rather than because of the October 10,1973 trauma”.
The proof is therefore of a temporary rather than permanent total disability. Moreover, this is an appropriate case for a judgment for compensation for a “fixed number of weeks to be based upon the probable duration of such disability”, R.S. 23:1222 (though the judgment be still modifiable under R.S. 23:1331).
The judgment is amended to fix 78 weeks as the period of compensation.