LANDRY, Judge.
Plaintiff (Appellant), appeals judgment dismissing his claim for workmen’s compensation benefits for alleged total permanent disability and for attorney’s fees for averred arbitrary cessation of compensation payments by defendant Minnie, Inc., (Ap-pellee), Appellant’s employer. We reverse and remand this matter to the trial court for further proceedings.
It is conceded that Appellant, who is right handed, sustained a serious injury to his right arm and elbow on October 31, 1972, while operating a mechanical sugar cane harvester within the scope and during the course of his employment by Appellee. Although the record is not entirely clear on the point, it appears that Appellant was employed solely as an equipment operator. From the record, we understand that Appellant operated a cane harvester during the planting and harvesting season. The remainder of the year he operated either a harvester converted to a ditching machine, or a tractor, or some form of mechanical equipment designed or rigged to construct plantation ditches.
For purposes of this opinion, it suffices to state that Appellant was seen and attended by Dr. Herbert K. Plauche, Orthopaedist, on the date of the accident. From reports of Dr. Plauche, attached to Appellant’s brief but not introduced in evidence in the trial court, it is shown that Appellant sustained an eight inch laceration on the medial aspect of Appellant’s right arm and elbow. The wound seriously damaged the soft tissue in the vicinity of the elbow and was sufficiently deep to expose a small portion of the ulna nerve, the muscle bellies of the flexor pronator muscle group and the medial aspect of the elbow joint. In addition, the accident produced several small puncture wounds in the area of the principal injury. Plaintiff was hospitalized several days and was thereafter under Dr. Plauche’s treatment and care until April 30, 1973.
Appellee paid Appellant compensation from the date of injury to May 10, 1974, a period of 78 weeks, at the sum of $49.00 per week, a total of $3,820.00. Appellant also paid all medical expenses incurred during the period for which compensation was paid.
At the trial below the sole issues presented were whether Appellant was totally and permanently disabled and therefore entitled to further compensation, and whether Ap-pellee, a self-insurer, was liable for penalties and attorney’s fees for alleged arbitrary and capricious termination of compensation benefits.
The case was tried on March 12, 1975. The testimony adduced consisted of that of *1249 Appellant; Tommy Thibaut, President of Minnie, Inc.; a report of Dr. G. Gernon Brown, who, by agreement of the parties, examined Appellant on March 17, 1975, and submitted his report of said examination to the trial court under date of March 19, 1975; and, the deposition of Dr. Brown taken March 3, 1975. The record also discloses that counsel for Appellee stipulated at trial that he would arrange to take the deposition of Dr. Plauche subsequent to March 12, 1975, and would notify counsel for Appellant as to the details of taking the deposition. It was agreed the deposition would be included in the record. It is conceded that Dr. Plauche was not so deposed.
Appellant’s trial court brief recites that, pursuant to a letter of approval by counsel for Appellee a copy of which is attached, the parties agreed to submit the matter to the trial court on the record as made up, together with Dr. Brown’s report of March 19, 1975. The trial court decided the matter on the record as thusly constituted.
Appellant testified his duties consisted of operating a ditching machine on Appellee’s plantation all during the year except for the sugar cane planting and harvesting season when Appellant operated a mechanical sugar cane harvester. His testimony indicates he operated the same machine year round, the device being adapted to ditch digging when not used in planting and harvesting sugar cane. He stated the accident occurred when his arm became caught in the cane loader. He attested to persistent pain in his right shoulder, elbow and arm; loss of grip and strength in his right hand and arm; and inability to apply significant force or pressure with his right arm without considerable pain. He noted that his work involved the coordinated operation of three levers with his right hand and two levers with his left hand which procedure required the application of considerable force which he was no longer able to exert without appreciable pain.
Mr. Thibaut stated in essence that he discontinued compensation payments predicated upon reports of Dr. Plauche (which were not introduced in evidence below), the advice of Appellee’s attorney, and Thibaut’s personal determination that Appellant had been paid all compensation due.
Dr. Brown examined Appellant for purposes of evaluation only. His deposition and report of March 19, 1975, disclose his conclusion that Appellant has sustained a 20 to 25% impairment of the use and function of the right upper extremity. He noted that Appellant had suffered considerable soft tissue injury to the right arm and fracture of the radial head of the right elbow. He noted a loss of grip in Appellant’s right hand and was of the opinion that Appellant could not perform hard manual labor without significant pain. Regarding Appellant’s ability to operate a tractor or other similar equipment involving the manipulation of levers, Dr. Brown felt it would depend on the amount of force and exertion required of the operator’s right hand. He was of the opinion that Appellant could not manipulate levers if strenuous exertion of the operator’s right hand was involved. From the questions posed, it appears that Dr. Brown was of the opinion that Appellant was engaged as a laborer to cut sugar cane by hand, a job Dr. Brown was certain Appellant could no longer perform.
We find Dr. Brown’s testimony of highly doubtful value to the courts in resolving the issue of Appellant’s disability. We so find because the examination of the witness did not make entirely clear to Dr. Brown the precise nature of Appellant’s duties and failed to reveal the true nature of Appellant’s work. We believe that for all practical purposes, Dr. Brown’s evaluation was based on the assumption Appellant was a common laborer. A determination as to whether Appellant had been engaged in performing common labor may be relevant in concluding whether or not he had been totally disabled by the accident.
We also find that in this instance it is impossible to fairly and impartially adjudicate Appellant’s claim without the benefit of the testimony of the treating physician, Dr. Plauche, who attended Appellant for six months following the accident. Inasmuch *1250 as Dr. Plauche performed the corrective surgery required for treatment of Appellant’s injuries, we deem his testimony of paramount importance in determining the extent and duration of Appellant’s disability. Attached to Appellant’s brief in this court we note a report of Dr. Plauche to the Vocational Rehabilitation Center in Baton Rouge, Louisiana, dated April 8, 1975. Appellant in oral argument contends this report was inadvertently excluded from the record. We find the record devoid of such report or any stipulation by counsel for both parties that it would be submitted for consideration by the trial court.
Additionally, medical evaluation of percentage disability was considered by our Supreme Court in Futrell v. Hartford Accident and Indemnity Company, 276 So.2d 271 (La.1973), as being “but one feature to be considered by the courts in determining whether the employee is totally and permanently disabled”. Though it may be determined that Appellant can be classified as a skilled or semi-skilled laborer, which in the case at bar can only be adduced by pertinent evidence which would indicate his type of work required special experience or knowledge, the Court in Futrell, above, sets forth guidelines for a legal determination of disability and quotes from Malone, Louisiana Workmen’s Compensation, Section 272 (Supp.1964) as follows:
“The law fixes disability in terms of loss of earning capacity, which includes the extent of the physiological impairment as only one factor. The function of the judge is much broader than that of the medical man, for loss of earning capacity, which is the eventual touchstone of all legal definitions of disability, can be determined only by reference to the state of the labor market, hiring practices, the humanity of obliging a man to work in pain, and other broad policy considerations which the physician is not equipped nor authorized to evaluate.” (Emphasis by the Court)
The plaintiff in Futrell, above was an automobile mechanic who had incurred a knee injury causing a 10% impairment of function to his right leg. In evaluating the weight to be given to the disability, the Supreme Court set forth the following test:
“The degree of Futrell’s disability must not, however, be judged by placing him in ideal working conditions. The test must be whether the injury has substantially decreased FutrelPs ability to compete with ablebodied mechanics in the general labor market.”
Because of its nature and the purpose the law was intended to achieve, our courts have taken a paternalistic attitude toward our workmen’s compensation law. Robinson v. Fidelity & Casualty Co. of New York, 181 So.2d 318 (La.App. 3rd Cir. 1965).
Where it is established that a workman has sustained an impairment of a physical function or bodily member, but the record on appeal is insufficient to determine the extent of the impairment, remand is proper. Burk v. Security Insurance Company of New Haven, 248 La. 177, 177 So.2d 278 (1965); Rougeau v. Travelers Insurance Co., 299 So.2d 387 (La.App. 3rd Cir. 1974).
Moreover, our jurisprudence is established to the effect that the remand of a workmen’s compensation suit to the trial court for the taking of certain testimony, or the taking of required testimony, is authorized both by the state constitution and statutes. Myles v. Procon, Inc., 259 So.2d 77 (La.App. 4th Cir. 1972).
Equally applicable is the rule that where the medical evidence in a workmen’s compensation case does not permit a proper determination of the extent of an employee’s disability, it lies within the discretion of the appellate court to remand the matter and allow the employee to introduce evidence which might establish his disability. Hoffpauir v. Hardware Mutual Casualty Co., 192 So.2d 588 (La.App. 3rd Cir. 1966); Robinson v. Fidelity & Casualty Co. of New York, above; LSA-C.C.P. Art. 2164.
We find that an evaluation of Appellant’s admitted employment related injury and the effect such disability has upon Appellant’s ability to perform the duties in which he was engaged at the time of injury, *1251 cannot be properly adjudicated without an evaluation of Appellant’s condition by Dr. Brown with full knowledge and understanding of the precise nature of Appellant’s work. We also find that this matter cannot be properly resolved without the testimony of Dr. Plauche, Appellant’s treating physician, together with the various reports of the several medical examinations made by Drs. Brown and Plauche. Additional evidence is also required to arrive at a legal determination as to whether Appellant can be classified as a common laborer, a semi-skilled or skilled laborer.
It is ordered, adjudged and decreed that the judgment of the trial court rejecting Appellant’s demands be and the same is hereby annulled, reversed and set aside and this matter is remanded to the trial court for further proceedings consistent with the views herein expressed and rendition of such judgment as the trial court shall deem proper in the light of the record as constituted on re-trial, all costs of this appeal to be paid by defendant, Minnie, Inc.
Reversed and remanded.