MARVIN, Judge,
dissenting.
I respectfully dissent.
The occurrence of the accident was proved, the existence of disability was proved. The medical testimony, in the lower court’s opinion, established that the accident caused or could have caused the disability.
If the medical evidence shows a reasonable possibility of causal connection between the accident and the disabling condition, the disability of a claimant in a workmen’s compensation case is presumed to have resulted from the accident where the symptoms appear and continuously exist following the accident over whatever length of time it takes the ultimate disability to occur. See Lucas v. Ins. Co. of North America, 342 So.2d 591, 596 (La.1977), citing Gradney v. Vancouver Plywood Co., 299 So.2d 347 (La. 1974); Johnson v. Travelers Insurance Co., 284 So.2d 888 (La.1973); Bertrand v. Coal Operators Casualty Co., 253 La. 115, 221 So.2d 816 (1969).
Crump, cited by the majority, is not contrary. Crump says the appellate court should not disturb the trial court’s factual findings, based on credibility, “of work-connected disability.” Disability is admitted here and the trial court here did not find that plaintiff was not disabled. What the trial court found is simply, in so many words, paraphrased:
“This plaintiff suffered an accident, and later became disabled, but the disability in my opinion was not caused by the accident and must have been caused by something other than the accident.”
The trial court’s approach, and that of the majority affirming, is contrary to the law as I appreciate it:
Where symptoms appear after the accident and continuously worsen to result in disability, and the medical evidence shows the probable cause or reasonable possibility of the disabling conditions was the accident, the burden of proof is on the employer to show that the disability was caused by something other than the accident. See cases, supra.
It does not suffice for the trial court to say:
. . the trauma resulting from the accident was not the kind to cause the injury . [and] the problems plaintiff later suffered . . . ”
This is a finding unsupported by evidence and should not be allowed as a substitute for the burden imposed on an employer in such circumstances as are here presented. As this court so clearly stated in Stroud v. Tremont Lumber Company, 193 So.2d 86, 90 (La.App. 2d Cir. 1966):
“ ‘Counsel for appellant correctly contends that if the plaintiff was actually unable to work at the time of the trial because of a disability which was medically related to the initial accident, then in the absence of any evidence as to any other accident the court would be in error in ascribing the present disability to some unshown subsequent injury’.”
Richard v. Barber Bros. Company, 112 So.2d 168, 171 (La.App. 1st Cir. 1959) noted the rule of law we urge and added this comment:
“[T]he test of recovery in a compensation suit is not veracity but disability.”
Richard stated the rule of law in this fashion:
*305 “[W]here a continued disability is proven which relates back to the initial accident during the employment, the burden is on the employer to prove that some other accident caused the disability and [is] not upon the employee to prove that no other accident occurred.” 112 So.2d at p. 170. See also, Johnson v. Calcasieu Paper Company, 95 So.2d 659, (La.App. 1st Cir. 1957).
I would reverse the trial court because (1) an accident is admitted; (2) symptoms from the accident appeared and gradually but continuously manifested themselves to ultimate disability (3) the cause of which was the accident, according to the trial court’s and the majority’s statement of the evidence.